UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KATHLEEN CRAPANZANO, individually and
on behalf of all others similarly situated,

                         Plaintiff,

       -against-                                **_RULE 26F REPORT_**
                                                               11 CV 1008
NATIONS RECOVERY CENTER, INC.

                        Defendant.
-----------------------------------------------------------------X

1.      <u>Initial Conference scheduled for May 12, 2011 at 2:00 p.m.</u>

        Plaintiff, by Counsel, Amir J. Goldstein, Esq.
                166 Mercer Street, 3A
                New York, New York 10012
                (212) 966- 5253
                (866) 228- 9194 fax

        Defendant, by Counsel, Hilary F. Korman, Esq.
                Mel Harris & Associates, LLC
                5 Hanover Square, 8th Floor
                New York, NY 10004
                (212) 571- 4900 Ext. 3309

2.      <u>The issues in this case are as follows:</u>

a.      *Plaintiff's Position*: Whether the actions of the Defendant violate the Fair Debt Collection Practices Act, 15 USC 1692 et seq., in that the Defendant, a debt collector, initiated dunning efforts against the Plaintiff, and Plaintiff had made a written request for validation in accordance with her rights under the FDCPA, and that despite her efforts to dispute the debt in writing via certified mail, the Defendant persisted with further collection efforts, disregarding the Plaintiff's lawful requests, and making other false or deceptive representations in an effort to compel payment of a disputed debt by mean of duress and coercion. The nature of the allegations are subject to certification of a class pending discovery upon the Defendant with respect to numerosity and commonality of claims, which would be easily discoverable upon review of Defendants records kept in the ordinary course.

b.      *Defendant's Position:* Defendant denies any and all liability and contends, even if plaintiff's allegations were proven to be accurate, defendant would be sheltered from liability in whole or in part based on the bona fide error defense (15 U.S.C. § 1692k(c)). Further, defendant contends that plaintiff would be unable to certify a class as plaintiff's class definition renders it impossible to decipher any sort of numerosity or commonality among potential class members, among other things.  Additionally, plaintiff's request for

actual damages, among other unique claims to plaintiff, further undermines her association with, and adequacy to represent, the putative class.

3. <u>Proposed Discovery Schedule:</u>

 (a) Motion to Amend or Join Parties on or by July 12, 2011;
 (b) Depositions of all parties on or by July 29, 2011;
 (c) Discovery completed by August 19, 2011
 (d) Dispositive motion process started by September 2, 2011;
 (e) Trial, if necessary, no later than October 3, 2011;

4. <u>Anticipated Motions:</u>

 a. Plaintiff's anticipates a motion for summary judgment or judgment on the pleadings as to the issue of liability.
 b. Defendant is contemplating a Rule 56 motion for summary judgment.

5. <u>Trial Length:</u>

 a. Trial should be no longer than 2 days, or 5 days in the event that a class is certified.

6. <u>Status of Settlement Negotiations:</u>

 b. The parties have had little settlement negotiations to date. Plaintiff has recently communicated an initial settlement demand and request for informal discovery that would assist in establishing potential value of the matter. Defendant has since made an offer to plaintiff as well.

All discovery (including requests for admissions and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that any party has not responded properly to a discovery request must be brought to the Courts attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not forseeable as of the date of this Order. Good Cause as used in this paragraph does not include circumstances within the control of counsel or the party. Any application not compliance with this paragraph will be denied. Failure to comply with the terms of this Order may also result in sanctions.

 _s/ajg_____       _____
 Amir J. Goldstein, Esq.             Hilary Korman, Esq.
 Attorney for Plaintiff              Attorney for Defendant
 Kathleen Crapanzano             Nations Recovery Center, Inc.

SO ORDERED:

_____
U.S.M.J.
Lois M. Bloom