UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
KATHLEEN CRAPANZANO,

                     Plaintiff,              11 CV 1008 (FB)(LB)

     -against-                  **Notice of Motion: RE Motion for Attorney's Fees**

NATIONS RECOVERY CENTER, INC.

                     Defendant.
----------------------------------------------------------

PLEASE TAKE NOTICE, that upon the Memorandum of Law in Support of Plaintiff's Motion for Attorneys' Fees, the Declaration of Amir J. Goldstein, Esq., dated June 3, 2011, and the Exhibits annexed thereto, and upon all prior pleadings and proceedings in this matter, Plaintiff, by counsel, Amir J. Goldstein, Esq., will move this United States Courthouse at 225 Cadman Plaza East, Brooklyn, New York 11201, at a date and time to be determined by the Court or upon the pleadings and papers alone, before the Honorable Judge Frederic Block for an Order:

1. Awarding plaintiff reasonable attorneys fees and costs; and

2. For such other and further relief the Court deems just and proper.


Dated: June 3, 2011
       New York, New York

                                                Respectfully submitted,


                                                <u>/S/Amir J. Goldstein</u>
                                                Amir J. Goldstein, Esq.
                                                Attorney at Law
                                                166 Mercer Street, Suite 3A
                                                New York, New York 10012
                                                212.966.5253

                                                ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
KATHLEEN CRAPANZANO,

                                               11 CV 1008 (FB)(LB)

        -against-

                                               Memorandum in Support

NATIONS RECOVERY CENTER, INC.

                     Defendant.
-----------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

## PRELIMINARY STATEMENT

Plaintiff, Kathleen Crapanzano, submits this memorandum of law in support of her motion for attorneys' fees and costs, pursuant to Acceptance of a Rule 68 Offer of Judgment in favor of the Plaintiff in the sum of $1,500.00 together with an additional amount included in the Judgment for reasonable attorney's fees and costs in connection with the action.

## MEET AND CONFER

The undersigned counsel hereby certifies that on or about May 10, 2011, following Plaintiff's acceptance of Defendant's Rule 68 Offer of Judgment, efforts were made to contact by telephone and email Counsel for the Defendant for the purposes of negotiation of the Attorney's Fees and Costs, however to date, no agreement has been reached.

In an effort to resolve this matter completely, Plaintiff's counsel was willing to settle fees and costs at $3,500 prior to submitting this motion. However, after numerous discussions, Defendant's counsel is unwilling to offer more than $1500 in attorney's fees and costs, which roughly equates to only three (3) hours of work together with filing fees and costs. While the value of this case is not a "million dollar case" by any means, Plaintiff's counsel should be compensated for the reasonable hours that have been invested into bringing this matter to a prompt and cost efficient resolution.

The tactics employed by Defendant is nothing more than another attempt to drive this matter into further unnecessary motion practice in the hopes that the Court will

reduce Plaintiffs award for attorney's fees. Accordingly, the within motion has been brought before this Court for adjudication.

## FACTUAL HISTORY OF THE CASE

The facts entitling plaintiff to an award of attorney's fees and costs are not in dispute. On or about March 2, 2011, Plaintiff filed this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (FDCPA). Namely, that notwithstanding Plaintiff's requests for validation of the alleged underlying debt, Defendant violated the law through a series of deceptive and misleading communications with the Plaintiff and by failing to provide Plaintiff with validations as required by the FDCPA.

On or about April 7, 2011, Defendant's counsel contacted Plaintiff's counsel requesting an extension on the Answer, to which Plaintiff's counsel agreed. Defendant's filed their answer on April 19, 2011.

On or about May 4, 2011, Plaintiff provided Defendant with her Initial Disclosures and copies of recorded messages. On May 5, 2011, subsequent to Rule 16 and Rule 26 discussions, the parties submitted their Joint 26 Report. Shortly thereafter, Defendant served Plaintiff with a Rule 68 Offer of Judgment in the amount of $1500.00 plus attorney's costs and fees which Plaintiff promptly accepted.

**ARGUMENT**

**I.      PLAINTIFF'S COUNSEL SHOULD BE COMPENSATED FOR THE WORK PUT INTO PROSECUTING THIS CASE.**

Plaintiff's position is simple. Plaintiff's counsel should be fairly compensated for the time that has been invested into bringing this matter to a prompt resolution. The Congressional intent behind the FDCPA and other similar fee-shifting statutes warrants that result. However, despite various efforts by Plaintiff's counsel to reach an amicable settlement as to fees and costs, Defendant refuses to compensate the Plaintiff for no more than $950.00. Plaintiff has submitted this motion for fair and just compensation.

Plaintiff's counsel has invested a reasonable amount of time into prosecuting this case and has taken great consideration in attempting to conserve on judicial resources in doing so. Time has been devoted to meeting with the client, gathering evidence, conducting research on the Defendant and into formulating the Complaint. In an effort to encourage expedient resolution, Plaintiff promptly served the Defendant with her Initial Disclosures and recordings of the Defendant's communications which are at the heart of this matter. Additional time was spent on reviewing Defendant's responses and engaging the Defendant's counsel into early meaningful settlement negotiations. This ultimately led to Defendant's Rule 68 Offer which Plaintiff accepted.

"A Defendant should not be encouraged to litigate in the expectation of capitulation due to the volume of work alone or in the hope that the Court will reduce Plaintiff's fee request, especially when defendant's fees to its own attorney's are not

similarly scrutinized or reduced by the Court. *See Eddy v. Colonial Life Ins. Co., 59 F3d 201 (D.C. Cir. 1995).*

Here, Plaintiff's Motion for Fees asks for no more than what has thus far been put into prosecuting this case. The work that Plaintiff's counsel is not excessive, and is a fair representation of what any diligent Plaintiff's attorney would do under similar circumstances. This motion is a simple appeal to the Court for adequate and fair compensation for such work, as intended by law.

On June 3, 2011, Plaintiff's counsel reached out to the Defendant as a final attempt to resolve the remaining outstanding matter regarding attorney's fees. However, Defendant remains unmoved with its position. Defendant feels that Plaintiff's counsel should not be reasonably compensated for the work that has thus far been invested into this case. Because Defendant unwilling to compensate Plaintiff's counsel for no more than three (3) hours worth of legal work, Defendant is willing to use up the Court's time, force the parties to attend a conference and engage in motion practice.

Plaintiff has prevailed on her Federal claim, obtaining the statutory award allowed by law, and has received an additional actual damages award in the sum of $500.00 and is satisfied with the outcome of the case, as same is considered to be a fair and reasonable award for similar cases in this District. *See Annis v. Eastern Asset Management, LLC., 2010 WL 1035273 WDNY (where this Court found that actual damages award ranging from $1500.00 to $3500.00 were appropriate under similar circumstances. See also Berry v. National Financial Systems Inc., 2009 WL 2843260 WDNY (where the Court awarded $2,000.00 and $1,000.00 to co –plaintiff's in a similar FDCPA action.)*

Plaintiff's Counsel is entitled to full compensation for the efforts in reaching a successful result in enforcing and protecting Plaintiff's consumer rights under the FDCPA.[1]

There is no dispute that Defendant must pay Plaintiff's counsel's fees and costs. Plaintiff's counsel litigated this case efficiently and diligently. Defendant has agreed to pay Plaintiff's attorneys fees and costs in connection with the action, pursuant to the FDCPA, but refuses to act reasonably in doing so.

"Once it has been determined that an award of fees and costs is appropriate, the next step is to determine the amount of the award. The most useful starting point for determining the amount of reasonable fee is the number of hours reasonably expended …multiplied by the reasonable hourly rate." *Saunders v. Salvation Army*, No. 06 Civ.2980 (SAS), 2007 WL 927529, at1 (SDNY 2007); *see also Grant v. Martinez*, 973 F.2d 96 (2nd Cir. 1992).

"The process of determining a reasonable fee ordinarily begins with the court's calculation of a so-called 'lodestar' figure, which is arrived at by multiplying 'the number of hours reasonably expended on the litigation…by the reasonable hourly rate.'" *LeBlanc-Sternberg v. Fletcher*, 143 F3d 748 (2nd Cir. 1998)(quoting *Hensley v. Echerhart*, 461 U.S. 424 (1983)[2].

In this case, Plaintiff's Counsels' contemporaneous billing records reflect 23.4 hours of attorney time at the prevailing market rate of $300.00 per hour, totaling $7,020.00. In addition, Plaintiff seeks costs accrued in the sum no less than $550.00.

---

[1] The Fair Debt Collection Practices Act requires the payment of costs and reasonable attorney fees to a successful consumer. See 15 U.S.C. 1692k(a)(3). "The award of attorney fees to plaintiffs for a debt collector's violation of 'any provision' of the FDCPA is mandatory" *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2nd Cir. 1989).

[2] "Although Hensley concerns an award of attorneys fees under the Civil Rights Attorneys Fees Awards Act of 1976 42 U.S.C. §1988, its principles are routinely applied in FDCPA cases." *Sparkman v. Zwicker & Assoc., P.C.*, 2006 WL 463939 (EDNY 2006).

Together with the Judgment to Plaintiff in the sum of $1,500.00, Plaintiff seeks the total Judgment in the amount of $9,070.00.

## II. PLAINTIFF'S COUNSEL'S HOURLY RATE IS REASONABLE

In determining the reasonable hourly rate for each attorney, courts look to current market rates 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Gierlinger v. Gleason*, 160 F.3d 858 (2nd Cir. 1998).

Plaintiff's Counsel has been practicing law since 2001, and has been extensively rooted in Debtors Rights and Consumer Law, even as a law student, working for various Consumer Law Practices. See Declaration of Amir J. Goldstein attached hereto and made part hereof.

In 2005, Counsel opened a private practice with emphasis on FDCPA, FCRA and FCBA litigation. The majority of work has been with FDCPA litigation. *See id*. Counsel runs and operates two offices, one in New York City and the other in Los Angeles California and is licensed to practice in both States. *See id*. Counsel has been active with the National Association of Consumer Advocates (NACA) and has received some recognition in the field for being on CBS Evening News with Katie Couric for having significant involvement with cases involving debt collection harassment, assisting with the "crackdown" of certain debt collectors located in Buffalo, New York, which have been under investigation by the New York Attorney Generals Office.

Counsel requests a rate of $300.00 per hour. This rate is an average or median of the prevailing rates which New York Court have recognized as reasonable in light of Counsels experience, commitment to consumer advocacy, and the rate that a paying client would willing to pay to an attorney with Counsel's status and experience.

Judge Gerald Lynch issued a well reasoned decision setting the presumptively reasonable hourly fee for a New York City civil rights litigator with extensive experience at $450 per hour for a partner and $300 for a senior associate. *See Heng Chan*, 2007 WL 1373118, at 3($450 per hour to civil rights attorney in Manhattan with sixteen years experience and $300 per hour (a discounted rate) to sixth year associate). *See also Skold v. American Int'l Group, Inc.,* No. 96 Civ.7137, 1999 WL 405539, at 7 (SDNY June 18, 1999), aff'd 205 F.#d 1324 (2d Cir. 2000)(approving rate of $400 for senior civil rights attorney); *Ashkinazi v. Sapir*, No. 02-Civ.2, 2005 WL 1123732, at 3 (SDNY May 10, 2005)(Dolinger, M.J.)(awarding fees of $425 per hour to partner in relatively small firm with twenty six years of experience of practice, specializing in employment litigation); *Rodriguez ex rel. Kelly v. McLoughlin, 84 F.Supp.* 2d 417, 423 (SDNY 1999)(awarding fees in a civil rights case at rate of $425 for partner in major New York law firm and rate of $240 for associate with five years experience in practice.

Counsel should be awarded this rate as he is a solo practice attorney, with an emphasis in consumer law and has been in the practice of law, and primarily consumer law, for nearly 10 years.

Plaintiff's Counsel has previously been awarded varying hourly rates in different cases, of $250.00 in the Eastern District of New York, $275.00 in the Central District of

California and $325.00 in the Central District of California. Plaintiff now requests that the rate of $300.00 be approved as a reasonable hourly rate for an attorney in this District.

### III.   THE HOURS EXPENDED ARE REASONABLE

In litigating this case, plaintiff's counsel expended a total of 23.4 hours. See attached Exhibit A, containing the billing sheet reflecting time on the case. The time spent was not only reasonable but necessary to address the matter in a professional fashion, while keeping costs to a minimum and taking due care in representing the clients interests. A review of the time sheets demonstrates that there is nothing excessive or unnecessary is requested in this application.

In determining whether an attorney's expenditure of time is reasonable, this Court must consider "whether, at the time the work was performed, a reasonable attorney would have engaged in a similar time expenditure." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). The hours expended by Counsel in litigating Plaintiff's case, were necessary and essential.

Counsel has taken necessary considerations in satisfying the Plaintiff's interests while also attempting to conserve on the Court's time, by reaching a swift resolution to this matter. While the attorney's fee is not considered to be a "large" award, Counsel is unable to accept Defendant's "lowball" offer and simply requests a meaningful fee award. Defendants have taken the position that Plaintiff's Counsel should not be entitled to more than $950.00 and wish to compel Counsel to appear for further Court conferences, merely to waste the Court's time, and force Counsel to accept a lowball

settlement. This practice runs contrary to congressional intent and only serves to flood the docket with additional and unnecessary Court involvement.

Multiplying these hours by the reasonable hourly rate above, the lodestar amount requested by Plaintiff is $**7,020.00**. In addition, Plaintiff seeks costs in the sum of $**550.00**, representing the $350.00 filing fee, $150.00 for service of process, and $50.00 process server filing fee, for a total award of **$7,570.00** in attorney's fees and costs. Plaintiff request that this sum be added to the Judgment as per the Offer of Judgment for $1,500.00, for a total Judgment amount of **$9,070.00**.

## CONCLUSION

For the forgoing reasons, Plaintiff's motion should be granted, and Plaintiff should be awarded **$7,570.00** in attorney's fees and costs, plus interest in addition to Plaintiff's Award of **$1,500.00** for a total of **$9,070.00**, together with any other relief the Court deems just and proper.

Dated: May 10, 2011
New York, New York

                                                            Faithfully Submitted,

                                                            /S/Amir J. Goldstein
                                                            Amir J. Goldstein, Esq.
                                                            Attorney at Law
                                                            166 Mercer Street, Suite 3A
                                                            New York, New York 10012
                                                            212.966.5253

                                                           ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, Amir J. Goldstein, Esq., certify that on this 3rd day of June, 2011, I caused to be e-mailed, a copy of the within **PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS with Attachments and Exhibits** to:

Hilary Korman: hkorman@melharrislaw.com


/S/ ajg

Amir J. Goldstein, Esq.  (AG-2888)

Attorney for Plaintiff